John B. Sganga, Jr. (SBN 116,211)
john.sganga@knobbe.com
Susan M. Natland (SBN 198,100)
susan.natland@knobbe.com
Jessica C. Sganga (SBN 291,795)
jessica.sganga@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
ARBONNE INTERNATIONAL, LLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ARBONNE INTERNATIONAL, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE AARON RAILTON, an individual; AS COLOUR INC., a Delaware corporation; APPAREL STUDIO LIMITED, a New Zealand limited company; AS COLOUR LIMITED, a New Zealand limited company.<br><br>Defendants. | Civil Action No. 8:16-CV-00608<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ARBONNE INTERNATIONAL, LLC (hereinafter, "Plaintiff" or "Arbonne") hereby complains of Defendants LAWRENCE AARON RAILTON, an individual, AS COLOUR INC., a Delaware corporation, APPAREL STUDIO LIMITED, a New Zealand limited company, and AS COLOUR LIMITED, a New Zealand limited company (collectively "Defendants") and allege as follows:

## JURISDICTION AND VENUE

1.     This is an action for federal trademark infringement and false designation of origin arising under 15 U.S.C. §§ 1114, 1125(a), trademark infringement and unfair competition arising under the common law of the State of California, and unfair competition arising under California Business and Professions Code § 17200.

2.     This Court has subject matter jurisdiction pursuant to at least 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).  This Court has supplemental jurisdiction over the California statutory and common law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy.

3.     This Court has personal jurisdiction over the Defendants because Defendants conduct business in this judicial district and have committed the acts alleged herein within this judicial district and elsewhere.

4.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(a).

## THE PARTIES

5.     Arbonne is a Delaware limited liability company with a place of business at 9400 Jeronimo Road, Irvine, California 92618.

6.     Arbonne is informed and believes, and on that basis alleges, that Defendant LAWRENCE AARON RAILTON ("Defendant Railton") is an individual located in Auckland, New Zealand.  Defendant Railton is the owner

of the U.S. Trademark Application No. 86/225,337 and U.S. Trademark Registration No. 4,120,440 for the disputed marks. Upon information and belief, Defendant Railton has conducted activities within this judicial district in connection with the disputed marks, including marketing and promotional activities for apparel, headwear, and bags and retail and wholesale store services for the same (hereinafter, "Defendants' Goods and Services"). Upon information and belief, Defendant Railton has also managed and directed others, including Defendants AS COLOUR INC. ("Defendant AS Colour Inc."), APPAREL STUDIO LIMITED ("Defendant Apparel Studio"), and AS COLOUR LIMITED ("Defendant AS Colour Ltd."), to conduct activities within this judicial district in connection with the disputed marks, including marketing and promotional activities for Defendants' Goods and Services.

7.     Arbonne is informed and believes, and on that basis alleges, that Defendant AS Colour Inc. is a Delaware corporation with a principal place of business at 1450 Charles Willard Street, Carson, California 90746, which is located in this judicial district. Defendant AS Colour Inc. has attended at least two trade shows in this judicial district, in which Defendant AS Colour Inc. marketed and promoted Defendants' Goods and Services to consumers in this judicial district in connection with the disputed marks.

8.     Arbonne is informed and believes, and on that basis alleges, that Defendant Apparel Studio is a New Zealand limited company with a principal place of business at PO Box 56421, Dominion Road, Mount Eden 1023 New Zealand. Defendant Apparel Studio is the registrant for the domain name operated at the website <WWW.ASCOLOUR.CO.NZ>. Defendant Apparel Studio is doing business in this judicial district and has infringed Arbonne's rights herein by virtue of running an active website in this judicial district and shipping goods to consumers in this judicial district in connection with the disputed marks. Defendant Apparel Studio offers, provides, and sells

-2-

Defendants' Goods and Services to consumers under the disputed marks in this judicial district and elsewhere.

9.     Arbonne is informed and believes, and on that basis alleges, that Defendant AS Colour Ltd. is a New Zealand limited company with a principal place of business at PO Box 56421, Dominion Road, Mount Eden 1023 New Zealand.   Arbonne is informed and believes that Defendant AS Colour Ltd. is the successor to Defendant Apparel Studio.   Defendant AS Colour Ltd. is also the registrant for the domain name operated at the website <WWW.ASCOLOUR.COM>.   Defendant AS Colour Ltd. is doing business in this judicial district and has infringed Arbonne's rights herein by virtue of running active websites in this judicial district and shipping goods to consumers in this judicial district in connection with the disputed marks.   Defendant AS Colour Ltd. offers, provides, and sells Defendants' Goods and Services to consumers under the disputed marks in this judicial district and elsewhere.

**COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF**

**A.     Arbonne's Background**

10.     Founded in 1980, Arbonne is a lifestyle brand offering a diverse product portfolio, including, but not limited to, clothing, bags, headwear, accessories, jewelry, health and wellness products, personal care products, and cosmetic products, and provides retail services for and including the same.

11.     Arbonne first used its ⓐ mark nationwide at least as early as 2002.

12.     Arbonne also used the following version of the ⓐ mark (i.e., with no border) nationwide at least as early as 2002: ⓐ.

13.     Thereafter, the mark slightly evolved to the following mark: ⓐ. The ⓐ mark, the ⓐ mark, and the ⓐ mark have the same commercial impression and are collectively referred to herein as "Arbonne's House Logo." Arbonne's House Logo is used in connection with every product in the diverse

/ / /

-3-

line of products provided by Arbonne, and in connection with all of Arbonne's services.

14.    One of the key identifiers of Arbonne and its goods and services is Arbonne's House Logo, which Arbonne has continuously used since long before the acts of Defendants complained of herein.

15.    Arbonne's House Logo has been consistently and prominently used, including but not limited to, on Arbonne's websites, marketing and advertising materials, catalogs, products, point of sale displays, signage, and product packaging since long before the acts of Defendants complained of herein.

16.    Arbonne has used Arbonne's House Logo in connection with, in particular, clothing, headwear and bags and retail services for the same, since before the acts of Defendants complained of herein.

17.    Arbonne's products, including its clothing, headwear, and bags branded under Arbonne's House Logo, are provided to third parties via various trade channels, including but not limited to, online at Arbonne's various websites, via physical retail stores, and/or via a large network of authorized independent consultants.   Since 2008, Arbonne has had as high as 812,794 independent consultants in the U.S.

18.    Arbonne has achieved enormous market success with net sales in the eight-year period from 2008 to 2015 at approximately 3.8 Billion US Dollars.

19.    Arbonne's House Logo and Arbonne's products and services provided in connection with the same have been featured in numerous magazines such as Ladies' Home Journal, Martha Stewart Living, Orange County Business Journal, Star, and US Weekly.

20.    As a result of Arbonne's substantial investment in Arbonne's House Logo, and the popularity and widespread commercial success of

-4-

Arbonne's goods and services provided in connection with Arbonne's House Logo, including clothing, headwear, and bags and retail services for the same, Arbonne has developed a tremendous amount of goodwill and consumer recognition in Arbonne's House Logo.

21.     Arbonne's House Logo, by virtue of substantial use, recognition, and promotion, has acquired great value as an indicator of Arbonne's goods and services and distinguishes Arbonne's goods and services from the goods and services of others.

22.     To protect its valuable intellectual property rights, Arbonne owns U.S. trademark registrations for Arbonne's House Logo.

**B.     Arbonne's Trademarks**

23.     Arbonne is the owner of incontestable United States Trademark Registration No. 3,895,265 (the "'265 Registration") for the ૐ mark for "Cosmetics, concealers, foundations, face color, face powders, eye makeup, eye makeup removers, blushes, lipsticks, lip gloss, non-medicated lip care preparations, lash treatments, makeup primers, makeup samples, color compacts, cosmetic color palettes" in International Class 3 and "Retail shop-at-home party services in the field of health, skin, hair and beauty care products; mail order services featuring health, skin, hair and beauty care products; on-line ordering services in the field of health, skin, hair and beauty care products; distributorship services in the field of health, skin, hair and beauty care products" in International Class 35.   The '265 Registration issued on the Principal Register on December 21, 2010 and is based on an application filed in the United States Patent & Trademark Office ("PTO") on December 22, 2009. A true and correct copy of the '265 Registration certificate is attached hereto as Exhibit 1.   Pursuant to 15 U.S.C. §1057(c), the filing date of Arbonne's registration constitutes nationwide constructive use of the ૐ mark, conferring on Arbonne a right of nationwide priority in the mark as of the filing date.

-5-

24.     Arbonne is the owner of United States Trademark Registration No. 4,633,720 (the "'720 Registration") for the ᘓᘔ mark for "Full line of hair care, body care and skin care products; skin, body, bath and hair care cleansing preparations, namely, soaps; skin cleansing creams and washes, skin cleansing gels, skin cleansing scrubs, oil free skin cleansers, body and facial scrubs, bath and shower gel, hair and body wash, bubble bath and bath salts, crystals and oils; skin, body and hair care preparations, namely, body, face and skin masques, toners, fresheners, moisture creams, mists and sprays, skin conditioning face and body oils, astringent spray for cosmetic purposes, exfoliants for the skin, moisturizers, oil free skin toner, skincare powder, non-medicated body, face and skin serums and facial cleaning gelees; hair care preparations, namely, shampoo, conditioner, hair protectant, hair oil, hair mousse, non-medicated scalp revitalizer, crèmes, primers and hair mask; skin, body and hair lotions; skin, body, hand, foot, eye and hair creams; sun care preparations, namely, sunscreen creams, after sun creams and sun tanning preparations; fragrances, namely, essential oils, scented oils, scented body spray and perfumery; makeup for the face, namely, face oils, non-medicated face brightener, foundation, facial concealer, facial powder, tinted moisturizers and tinted creams; full line of color cosmetics, namely, makeup, skin color wand, finishing powder, pressed powder, eye pencils, eye shadow, blush, eyelash thickener, lip moisturizer, lipsticks, lip pencils, lip gloss, eye makeup remover, non-medicated lip ointment; non-medicated skin care preparations; non-medicated acne treatment preparations, namely, cleansers, washes, lotions and spot treatments; antiperspirants and deodorants for personal use; dentifrices, namely, toothpaste; massage oil and shave gels" in International Class 3; "Medicated preparations, namely, acne cleansers, acne control moisturizers, acne spot treatments, acne medicated preparations for the treatment of acne; Supplements, namely, vitamins, mineral supplements, nutritional supplements,

dietary supplements, food supplements and herbal supplements; Nutritional supplements for energy boosting in tablet and powder form; Powdered nutritional supplement drink mix; Nutritional supplement for eliminating toxins from the body; Dietary and nutritional supplements containing fiber; Dietary supplements in the nature of nutritionally fortified soft chews; Dietary supplements in the form of nutritionally fortified soft chews; and Herbal teas for use as dietary supplements" in International Class 5; "Jewelry" in International Class 14; "Fashion hand bags, purses, handbags, shoulder bags, carryalls, travel bags, makeup bags sold empty, cosmetic bags sold empty and toiletry bags sold empty" in International Class 18; "Clothing, namely, shirts, t-shirts, sweaters, jackets, sweatshirts, pants, socks, hats" in International Class 25; "Energy drinks; Concentrates and powders used in the preparation of energy drinks and fruit-flavored beverages" in International Class 32; and "Retail shop-at-home party services in the field of health and wellness, nutrition and food supplements, skin, hair and beauty care products; Mail order services featuring health and wellness, nutrition and food supplements, skin, hair and beauty care products; On-line ordering services in the field of health and wellness, nutrition and food supplements, skin, hair and beauty care products; Distributorship services in the field of health and wellness, nutrition and food supplements, skin, hair and beauty care products" in International Class 35. The '720 Registration issued on the Principal Register on November 4, 2014 and is based on an application filed in PTO on August 22, 2013. A true and correct copy of the '720 Registration certificate is attached hereto as Exhibit 2. Pursuant to 15 U.S.C. §1057(c), the filing date of Arbonne's registration constitutes nationwide constructive use of the ꝏ mark, conferring on Arbonne a right of nationwide priority in the mark as of the filing date.

25. The '265 Registration and the '720 Registration (collectively, the "Asserted Registrations") have not been abandoned, canceled, or revoked.

26.     Based on its substantial and continuous use of Arbonne's House Logo since before the acts of Defendants complained of herein in connection with clothing, headwear and bags, as well as retail services in connection with the same, Arbonne has extensive common law trademark rights in Arbonne's House Logo in connection with such goods and services.

27.     Based on its substantial and continuous use of Arbonne's House Logo since at least as early as 2002 in connection with personal care and cosmetics, as well as in connection with retail services in connection with the same since before the acts of Defendants complained of herein, Arbonne has extensive common law trademark rights in Arbonne's House Logo in connection with such goods and services, long before the acts of Defendants complained of herein.

28.     Arbonne has actively policed Arbonne's House Logo including by sending numerous demand letters and filing oppositions and petitions before the Trademark Trial and Appeal Board, including but not limited to Opposition No. 91220556 against Defendant Railton's U.S. trademark application for **as** (Serial No. 86/225,337) and Cancellation No. 92063443 against Defendant Railton's U.S. trademark registration for **as** (Reg. No. 4,120,440).

**C.     Defendants' Infringing Acts**

29.     Defendants, without permission or authority from Arbonne, have infringed Arbonne's House Logo by various acts, including the promotion, advertising, offering for sale, and sale of Defendants' Goods and Services under the **as** mark and **as** mark (collectively, "Defendants' Mark"). Defendants offer Defendants' Goods and Services in connection with Defendants' Mark to customers in this judicial district.

30.     Defendants' Mark is confusingly similar to Arbonne's House Logo. Defendants' Goods and Services are identical or closely related to Arbonne's

goods and services provided in connection with Arbonne's House Logo, including the goods and services listed in Arbonne's Asserted Registrations and for which Arbonne has prior common law rights.

31.     Defendant Railton owns U.S. Trademark Application Serial No. 86/225,337 for ꞏꞏꞏ which was filed on March 19, 2014.  Arbonne filed an opposition to the registration of U.S. Trademark Application Serial No. 86/225,337 on February 9, 2015, with the Trademark Trial and Appeal Board.

32.     Defendant Railton owns U.S. Trademark Registration No. 4,120,440 for ꞏꞏꞏ, which was filed on December 23, 2010 and registered on April 3, 2012.  Arbonne filed a petition to cancel U.S. Trademark Registration No. 4,120,440 with the Trademark Trial and Appeal Board on March 30, 2016.

33.     Defendants AS Colour Ltd. and Apparel Studio own, operate and/or control the websites <ASCOLOUR.COM> and <ASCOLOUR.CO.NZ> (collectively, "Defendants' Website").

34.     Defendants AS Colour Ltd. and Apparel Studio use Defendants' Mark in connection with the promotion, advertising, offering for sale, and sale of Defendants' Goods and Services in the United States in connection with Defendants' Mark via Defendants' Website.  Attached hereto as Exhibit 3 is a screenshot of Defendants' Website and attached hereto as Exhibit 4 is a photograph of Defendants' Goods, which were shipped to this judicial district in California from Defendants' Website.

35.     Defendant AS Colour Inc. has promoted, advertised, and offered for sale Defendants' Goods and Services in the United States in connection with Defendants' Mark at the 2016 ISS Long Beach conference, which took place January 22-24, 2016.  Attached hereto as Exhibit 5 is a photograph showing Defendant AS Colour Inc.'s presence at the ISS Long Beach conference and copies of materials Defendant AS Colour Inc. distributed at the ISS Long Beach

conference, including a price sheet bearing Defendants' Mark and listing AS Colour Inc.'s following address in Carson, local telephone number, and "ascolour.com" linked email address, along with excerpts of a catalog bearing Defendants' Mark in connection with Defendants' Goods and Services:

> AS Colour Inc.
>
> 1450 Charles Willard Street
>
> Carson, CA 90746
>
> Ph: (949) 279-6138
>
> rick@ascolour.com

36.     Defendant AS Colour Inc. has promoted, advertised, and offered for sale Defendants' Goods and Services in the United States and in this judicial district in connection with Defendants' Mark at the 2016 Agenda Show in Long Beach, which took place January 7-8, 2016.  Attached hereto as Exhibit 6 is a screenshot from the Agenda Show's website announcing Defendant AS Colour Inc.'s attendance and showing Defendants' Mark.

37.     Defendants' Website has announced plans to open a warehouse in Carson in April 2016 in connection with Defendants' Goods and Services in connection with Defendants' Mark.  See Exhibit 3.

38.     Defendants had actual knowledge of Arbonne's prior use of and rights in Arbonne's House Logo and Asserted Registrations, and Defendants nevertheless are using and further expanding said use of Defendants' Mark in the United States with the intent to cause confusion and mistake and to deceive customers, and with the intent to trade upon the goodwill and substantial consumer recognition associated with Arbonne's House Logo.

39.     Defendants have created a likelihood of injury to Arbonne's business reputation, have caused a strong likelihood of confusion as to the source, origin, or relationship of Arbonne's and Defendants' goods and services, and have otherwise competed unfairly with Arbonne.

**FIRST CLAIM FOR RELIEF**

**(Infringement of U.S. Trademark Reg. Nos. 3,895,265 and 4,633,720)**

40.     Arbonne repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41.     This is an action for federal trademark infringement arising under 15 U.S.C. § 1114.

42.     Without consent of Arbonne, Defendants are using confusingly similar trademarks in the advertising and sale of Defendants' Goods and Services, thereby causing a likelihood that customers would believe Defendants' Goods and Services are associated with, sponsored by, or approved by Arbonne, when they are not.  Arbonne is informed and believes, and on that basis alleges, that Defendants had actual knowledge of Arbonne's prior rights in Arbonne's House Logo and Asserted Registrations and has willfully, intentionally, deliberately, and knowingly infringed Arbonne's Asserted Registrations in blatant disregard of Arbonne's rights in violation of 15 U.S.C. § 1114.

43.     By their actions, Defendants have injured and violated Arbonne's rights in an amount to be determined at trial.  Further, by its actions, Defendants have irreparably injured Arbonne, and such irreparable injury will continue unless Defendants are enjoined by this Court, pursuant to 15 U.S.C. § 1116, from further violation of Arbonne's rights, for which Arbonne has no adequate remedy of law.

**SECOND CLAIM FOR RELIEF**

**(False Designation of Origin)**

44.     Arbonne repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 43 of this Complaint as though fully set forth herein.

/ / /

45.   This is an action for false designation of origin arising under 15 U.S.C. § 1125(a).

46.   Without Arbonne's consent, Defendants have created a false designation of origin by using Defendants' Mark in connection with the advertising and sale of Defendants' Goods and Services, thereby causing a likelihood that customers would believe that Defendants' Goods and Services are associated with, sponsored by, or approved by Arbonne, when they are not.

47.   Arbonne is informed and believes, and on that basis alleges, that Defendants had actual knowledge of Arbonne's prior rights in Arbonne's House Logo and willfully, intentionally, deliberately and knowingly infringed Arbonne's House Logo with the intent to trade upon Arbonne's reputation and goodwill by causing confusion and mistake among customers and the public and by deceiving them in blatant disregard of Arbonne's rights.  By these acts, Defendants have infringed Arbonne's rights in violation of 15 U.S.C. § 1125(a).

48.   By their actions, Defendants have injured and violated the rights of Arbonne in an amount to be determined at trial.  Further, by their actions, Defendants have irreparably injured Arbonne, and such irreparable injury will continue unless Defendants are enjoined by this Court, pursuant to 15 U.S.C. § 1116, from further violation of Arbonne's rights, for which Arbonne has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### (Common Law and Statutory Unfair Competition)

49.   Arbonne repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50.   This is an action for unfair competition arising under California Business & Professions Code § 17200 *et seq*. and the common law of the State of California.

-12-

51.     By reason of the foregoing acts, Defendants have intentionally caused a likelihood of confusion among the purchasing public in this judicial district and elsewhere, thereby unfairly competing with Arbonne in violation of California Business & Professions Code § 17200 *et seq*. and the common law of the State of California.

52.     Defendants' aforesaid actions constitute unlawful, unfair, malicious, or fraudulent practices that have injured and violated the rights of Arbonne in an amount to be determined at trial.

53.     Further, by these actions, Defendants have irreparably injured the consumer recognition and goodwill associated with Arbonne's House Logo, and such injury will continue unless Defendants are enjoined by this Court from further violation of Arbonne's rights, for which Arbonne has no adequate remedy at law.

54.     Defendants' willful acts of unfair competition under the common law of the State of California constitute fraud, oppression and malice. Accordingly, Arbonne is entitled to exemplary damages pursuant to California Civil Code § 3294(a).

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

55.     Arbonne repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 54 of this Complaint as though fully set forth herein.

56.     This is an action for common law trademark infringement arising under the common law of the State of California.

57.     By reason of the aforesaid acts, Defendants have intentionally caused a likelihood of confusion among the purchasing public in this judicial district and elsewhere, thereby committing common law trademark infringement.

-13-

58.     Defendants' aforesaid actions have injured and violated the rights of Arbonne in an amount to be determined at trial.  Further, by these actions, Defendants have irreparably injured Arbonne's business, reputation and goodwill, and such irreparable injury will continue unless Defendants are enjoined by this Court from further violation of Arbonne's rights, for Arbonne has no remedy at law.

59.     Defendants' willful acts of common law trademark infringement constitute fraud, oppression, and malice.  Accordingly, Arbonne is entitled to exemplary damages pursuant to California Civil Code § 3294(a).

## PRAYER FOR RELIEF

WHEREFORE, Arbonne prays for judgment against Defendants as follows:

A.     An Order adjudging Arbonne's rights in its Asserted Registrations valid and willfully infringed by Defendants in violation of 15 U.S.C. § 1114 and the common law of the State of California;

B.     An Order adjudging Defendants to have willfully violated the provisions of 15 U.S.C. § 1125(a) by using a false designation of origin;

C.     An Order adjudging Defendants to have willfully engaged in unfair competition with Arbonne under California Business & Professions Code § 17200 *et seq*.;

D.     An Order adjudging Defendants to have willfully engaged in unfair competition in violation of the common law of the State of California;

E.     An Order adjudging Defendants to have willfully engaged in trademark infringement in violation of the common law of the State of California;

F.     An Order adjudging that this is an exceptional case pursuant to the Lanham Act;

/ / /

-14-

G.     That Defendants, their agents, servants, employees and attorneys, and all those persons in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined from:

      1. marketing, advertising, identifying, selling, or providing products and/or services (including on the Internet) using Defendants' Mark or any other mark that is likely to create the erroneous impression that Defendants' Goods and Services originate from Arbonne, are endorsed by Arbonne or are connected in any way with Arbonne;

      2. otherwise infringing on Arbonne's trademark rights;

      3. falsely designating the origin of Defendants' products and/or services;

      4. unfairly competing with Arbonne in any manner whatsoever;

      5. causing a likelihood of confusion or injuries to Arbonne's business reputation; and

      6. applying for, obtaining or maintaining trademark registrations which incorporate Defendants' Mark, including but not limited to **æ** and **æ**, or any other mark that is likely to create the erroneous impression that Defendants' Goods and Services originate from Arbonne.

H.     That Defendants be directed to file with this Court and serve on Arbonne within thirty (30) days after the service of the injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

I.     That Defendants be ordered to pay over to Arbonne all damages that Arbonne has sustained as a consequence of the acts of trademark infringement and false designation of origin complained of herein, subject to

/ / /

-15-

proof at trial, and that Arbonne be awarded Defendants' profits derived by reason of said acts or as determined by said accounting;

J.      That such damages and profits be trebled and awarded to Arbonne pursuant to 15 U.S.C. § 1117;

K.      That Arbonne be awarded its attorneys' fees, costs, and expenses in connection with this action pursuant 15 U.S.C. § 1117;

L.      That Arbonne be awarded exemplary damages pursuant to California Civil Code § 3294;

M.      That Arbonne be awarded pre-judgment and post-judgment interest against Defendants; and

N.      Such other and further relief as this Court may deem just.


                                    Respectfully submitted,

                                    KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  April 1, 2016          By:   /s/ John B. Sganga, Jr.
                                    John B. Sganga, Jr.
                                    Susan M. Natland
                                    Jessica C. Sganga

                                    Attorneys for Plaintiff
                                    ARBONNE INTERNATIONAL, LLC

1
## **DEMAND FOR TRIAL BY JURY**

2
Plaintiff Arbonne hereby demands a trial by jury on all issues so triable.

3

4
Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

5

6

7
Dated:  April 1, 2016          By:  /s/ *John B. Sganga, Jr.*

8
          John B. Sganga, Jr.
          Susan M. Natland

9
          Jessica C. Sganga

10
          Attorneys for Plaintiff
          ARBONNE INTERNATIONAL, LLC

11

12
22650807

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-